IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONNIE SCHOLL, | ) |
| Plaintiff, | ) |
| | ) No. 2:10-cv-1073 |
| vs. | ) |
| | ) |
| EMERGENT FUNDING, LLC and | ) **JURY DEMAND ENDORSED HEREON** |
| THE AUSTIN LAW FIRM, L.L.C., | ) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES the Plaintiff, CONNIE SCHOLL, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendants, EMERGENT FUNDING, LLC (hereinafter "Emergent") and THE AUSTIN LAW FIRM, L.L.C. (hereinafter "Austin"), Plaintiff alleges and states as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*, and the Ohio Short-Term Loans Act (hereinafter the "OSTLA"), Ohio Rev. Code § 1321.35, *et seq.*

## **JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Hilliard, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Austin acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Emergent.

6. On information and belief, Emergent is a limited liability company of the State of Missouri, which is not licensed to do business in Ohio and which has its principal place of business in St. Louis, Missouri.

7. On information and belief, Austin is a limited liability company of the State of Missouri, which is not licensed to do business in Ohio and which has its principal place of business in O'Fallon, Missouri.

## COUNT I

(Violation of the Fair Debt Collection Practices Act vs. Austin)

8. On or about November 6, 2009, Emergent entered into an agreement whereby it made a loan to Plaintiff via the internet in the amount of three hundred dollars ($300.00), with an annual percentage rate of interest of five hundred twenty seven and three-fourths percent (527.75%), with a repayment schedule of nine (9) bi-weekly payments of seventy-five dollars ($75.00) each. A copy of said loan agreement is attached hereto as Exhibit 1.

9. Plaintiff thereafter made at least three (3) payments to Defendant of seventy-five dollars ($75.00) each.

10.     On or about December 29, 2009, representatives and/or employees of Austin, including but not limited to Brady Austin, who were at all times acting in their capacities as the attorneys and authorized agents of Emergent, began contacting Plaintiff in attempts to collect a debt which is allegedly owed by Plaintiff to Emergent.

11.     The aforementioned collection attempts include, but are not limited to, a letter which was mailed from Austin to Plaintiff, dated December 29, 2009, a copy of which is attached hereto as Exhibit 2.  Said correspondence does not contain the full legal disclosures which were required to be given to Plaintiff by 15 U.S.C. § 1692g(a).

12.     On or about January 4, 2010, Plaintiff mailed a letter to Austin requesting verification of the alleged debt, pursuant to 15 U.S.C. § 1692g.  Said letter was received by Austin shortly thereafter via certified mail.

13.     Austin did not respond to Plaintiff's request for verification of the alleged debt, but instead continued its attempts to collect the alleged debt from Plaintiff.  Those attempts include, but are not limited to, the filing of a lawsuit by Austin, on behalf of Emergent and against Plaintiff, in the Associate Court of St. Louis County, Missouri, Case No. 10SL-AC05712.

14.     On or about May 17, 2010, Plaintiff entered into a settlement agreement with Austin whereby Plaintiff agreed to pay twelve hundred dollars ($1,200.00) in return for a dismissal of the lawsuit which was filed against her in the State of Missouri.

15.     All of the actions of Austin as described above were undertaken as the attorneys and authorized agents of Emergent.

16.     In its attempts to collect the aforementioned alleged debt, Austin violated the FDCPA in one or more of the following ways:

  a. Bringing a legal action against Plaintiff in a judicial district other than where Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a)(2);

  b. Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b);

  c. Failing to provide the complete and proper notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

  d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17. As a result of Austin's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CONNIE SCHOLL, respectfully prays for a judgment against Austin as follows:

  a. All actual damages suffered;

  b. Statutory damages of $1,000.00 for each violation of the FDCPA;

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  d. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act vs. Austin)

18. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19. Austin's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

20. Austin is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Austin is in the business of effecting or soliciting consumer transactions.

21. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as she is a person who engaged in a consumer transaction with a supplier, Austin.

22. Austin's actions and omissions as described above constitute unfair, deceptive and/or unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and/or 1345.03, and the substantive rules promulgated under the OCSPA.

23. Austin, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

24. As a result of Austin's unfair, deceptive and/or unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, CONNIE SCHOLL, respectfully prays for a judgment against Austin as follows:

    a. All actual damages suffered;

    b. Statutory damages of $200.00 for each violation of the OCSPA;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

**COUNT III**

(Violation of the Ohio Short-Term Loan Act vs. Emergent)

25. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

26. Emergent's loan of to Plaintiff as described above is a "short-term loan," as defined in Ohio Rev. Code § 1321.35(A).

27. On information and belief, Emergent does not hold a license from the State of Ohio to engage in the business of making short-term loans to borrowers in Ohio, as required by Ohio Rev. Code § 1321.36.

28. The written loan contract between Plaintiff and Emergent (Exhibit 1 hereto) does not contain all of the disclosures and terms required by Ohio Rev. Code § 1321.39.

29. The annual percentage rate for the interest allegedly due from Plaintiff to Emergent under said loan contract is in excess of the amount allowed to be charged by Ohio Rev. Code § 1321.40(A).

30. In making the subject loan to Plaintiff, Emergent violated the OSTLA in one or more of the following ways:

    a. Making a short-term loan to an Ohio resident without being licensed to do so in the State of Ohio;

    b. Making a short-term loan to an Ohio resident from an office not located in the State of Ohio;

    c. Contracting for and collecting an interest rate in excess of the maximum permissible interest rate allowed by Ohio law;

      d.      Failing to include in the loan contract all of the disclosures and terms required by Ohio Rev. Code § 1321.39; and

      e.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the OSTLA

WHEREFORE, Plaintiff, CONNIE SCHOLL, respectfully prays for a judgment against Emergent as follows:

      a.      An order voiding the loan agreement between Emergent and Plaintiff (Exhibit 1 hereto);

      b.      Return of all amounts paid by Plaintiff to Emergent under said loan agreement;

      c.      Punitive damages in an amount to be determined;

      d.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      e.      Any other relief deemed appropriate by this Honorable Court.

## COUNT IV

(Violation of the Ohio Consumer Sales Practices Act vs. Emergent)

31.      Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

32.      Emergent's actions in making the short-term loan to Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

33.      Emergent is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Emergent is in the business of effecting or soliciting consumer transactions.

7

34. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as she is a person who engaged in a consumer transaction with a supplier, Emergent.

35. Emergent's actions and omissions described above constitute unfair, deceptive and/or unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and/or 1345.03, and the substantive rules promulgated under the OCSPA.

36. Emergent, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

37. As a result of Emergent's unfair, deceptive and/or unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, CONNIE SCHOLL, respectfully prays for a judgment against Emergent as follows:

    a. Return of all amounts paid by Plaintiff to Emergent under said loan agreement;

    b. An award of three times all actual damages suffered by Plaintiff, or statutory damages of $200.00 for each violation of the OCSPA, whichever amount is greater;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

8

**JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

    Respectfully Submitted,

    /s/ David B. Levin
    David B. Levin (0059340)
    Mitchel E. Luxenburg (0071239)
    Attorneys for Plaintiff
    Luxenburg & Levin, LLC
    23875 Commerce Park
    Suite 105
    Beachwood, OH 44122
    (888) 493-0770, ext. 302 (phone)
    (866) 551-7791 (facsimile)
    David@LuxenburgLevin.com